IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TAYLOR, | ) |
| | ) Civil Action No. 05 - 416 |
| Petitioner | ) |
| | ) Judge Arthur J. Schwab/ |
| vs. | ) Magistrate Judge Amy Reynolds Hay |
| | ) |
| JEFFREY BEARD, et al., | ) |
| | ) |
| Respondents | ) |

**MEMORANDUM ORDER**

Petitioner filed a Section 2254 habeas petition.  The Commonwealth filed an answer, contending that the habeas petition is time barred.  Subsequently, Petitioner filed two motions, Doc. No. 14, titled in part as a "Motion for Changing of Venue," and Doc. No. 15, "Motion to take Back the Possession of the Docket." In both of those motions, although not clear, it appears Petitioner seeks to have this court dismiss his current habeas petition without prejudice to it being re-filed.  See, e.g., Doc. No. 15 at p. 3 ("with a stipulation to be allowed to come forth at a later date without prejudice.").  It appears that Petitioner wishes to raise in the state courts an issue concerning the untimeliness of his first PCRA petition, making an argument as to the possible interference by state officials with Petitioner's attempt to file his PCRA petition.  He appears to believe that this will impact the timeliness analysis of his federal habeas petition.

The court notes that in its answer, the Commonwealth avers that the current habeas petition is already time barred. If, in fact, the petition is already time barred, the court is without authority to permit Petitioner to withdraw the current habeas petition without prejudice to coming back and filing at a later time and have his petition addressed on the merits, as opposed to being dismissed for being untimely.

The Court also notes that Petitioner has an appeal from the denial of his second PCRA petition currently pending in the Pennsylvania Superior Court. See, Commonwealth v. Taylor, No. 947 WDA 2004 (Pa. Superior filed June 3, 2004).[1] In light of the currently pending appeal, this court will stay this case, pending disposition of the current appeal in the Pennsylvania Superior Court and any possible appeal therefrom. See, e.g., Pace v. DiGuglielmo, __ U.S. __, 125 S.Ct. 1807, 1813-1814 (2005) (approving procedure whereby a district court stays and abeys federal habeas petition while petitioner exhausts state court remedies). Within thirty days of the Superior Court disposing of the appeal, the parties are to inform the court of that fact and provide the court with any opinion from that court as well as the briefs filed in that court. If the parties file a petition for

---

[1] The Superior Court's dockets are available at: http://ujsportal.pacourts.us/WebDocketSheets/PACMSWebDocketSheets.aspx

allowance of appeal in the Pennsylvania Supreme Court, the parties are directed to inform the court of that fact and within thirty days of the disposition of that allocatur petition, inform the court of such disposition and provide this court with copies of the filings in that court as well as any opinion or order from that Court.  The Court enters this stay, in part, because, due to the pendency of the appeal in the Pennsylvania Superior Court, this court is without the benefit of the original state court record, which hampers review of the petition.  The Respondents are to provide the original state court record as soon as possible after the Petitioner has exhausted his currently pending appeal in the Superior Court and any appeals to the Pennsylvania Supreme Court.

In light of the foregoing, the Court hereby **DENIES** the two motions filed by Petitioner, albeit without prejudice to him refiling those motions after his current appeal in the Pennsylvania Superior Court has been decided and/or after any petition for allowance of appeal to the Pennsylvania Supreme Court has been decided.  However, Plaintiff is admonished that if he attempts to re-file those motions, he must be more clear about what arguments he wants/wanted to make in the state courts concerning the alleged timeliness of his PCRA petition and what the significance is of those arguments for the purposes of

determining the timeliness of his current habeas petition.[2]

AND NOW, this 24th day of August, 2005,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Changing of Venue" (Doc. No. 14) and his "Motion To Take Back Possession of the Docket" (Doc. No. 15) are hereby **DENIED** albeit without prejudice to being re-filed after Petitioner has exhausted his currently pending appeal in the state courts.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the exhaustion of Petitioner's currently pending appeal in the state courts.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

---

[2] If Petitioner does re-file the motions, Petitioner should answer the following questions:

a)  What are the acts of the state officials that allegedly prevented you from filing your PCRA petition?

b)  When did those alleged actions on the part of the state officials occur?

c)  How did those alleged actions prevent you from filing your state post conviction petition?

d)  What efforts did you make to file any post conviction petitions, notwithstanding the state officials' alleged actions?

e)  What change occurred that permitted you to file your PCRA petition when you finally did in May 1997?

f)  Why is the alleged interference by state officials with your attempts to file your state post conviction petition significant to your filing of your federal habeas petition?

cc: The Honorable Arthur J. Schwab
United States District Judge

John L. Taylor
BX-9577
SCI Graterford
P.O.Box 244
Graterford, PA 19426

Ronald M. Wabby, Jr.
Office of the District Attorney
Appeals/Post Conviction
401 Allegheny County Courthouse
Pittsburgh, PA 15219