```
                  UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF PENNSYLVANIA
```

JOHN L. TAYLOR,
        Petitioner

        vs.                       Civil Action No. 05-416
                                  Judge Arthur J. Schwab
JEFFREY A. BEARD, <u>et al.</u>,        Magistrate Judge Amy Reynolds Hay
        Respondents

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

**II.  REPORT**

Petitioner John L. Taylor is a state prisoner incarcerated at the State Correctional Institution located in Graterford, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 5).

**A.   Relevant Procedural History**

On July 14, 1992, a jury empaneled by the Court of Common Pleas of Allegheny County convicted Taylor of first-degree murder, theft by unlawful taking, and receiving stole property. (Ex. 14 at 474-76).[1] Following a separate sentencing hearing,

---

[1] All Exhibits referenced herein are attached to the Respondents' Answer (Docs. 9-11).

1

the jury set the penalty for first-degree murder at life imprisonment.

Taylor pursued a direct appeal with the Superior Court of Pennsylvania. (Exs. 18, 19, 21). On December 14, 1993, the Superior Court affirmed his judgment of sentence. (Ex. 22).

On July 13, 1994, the Supreme Court of Pennsylvania denied Taylor's Petition for Allowance of Appeal. (Ex. 24). He did not file a writ of certiorari with the United States Supreme Court. (See Ex. 37 at 2-3). Accordingly, his judgment of sentence became final on October 11, 1994, the date on which the ninety-day period to file a petition for writ of certiorari expired. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit for filing a writ of certiorari in the Supreme Court).

On May 12, 1997, Taylor filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 et seq. (Ex. 25). The PCRA court appointed counsel to represent him, and an amended petition was filed on his behalf. (Ex. 30). After the PCRA court denied relief (Exs. 31, 32), Taylor appealed to the Superior Court. (Exs. 33, 36). On March 4, 2003, the Superior Court affirmed the denial of post-conviction relief. (Ex. 37). The court determined that Taylor's PCRA petition was untimely

filed under the PCRA's one-year statute of limitations.[2]  (Id. at 2-4 (citing 42 Pa.Cons.Stat. § 9545)).

Taylor appealed to the Pennsylvania Supreme Court.  On February 23, 2004, the court denied his Petition for Allowance of Appeal.  (Ex. 41).

On December 3, 2003, Taylor filed a second pro se PCRA petition.  (Exs. 42).  On April 28, 2004, the PCRA court dismissed the petition as time barred under the PCRA's statute of limitations.  (Exs. 43, 46).  Taylor appealed that decision (Ex. 47), and that case is currently pending in the Superior Court at docket number 947 WDA 2004.  (Ex. 49).

Taylor began proceedings in this Court, at the very earliest, on March 18, 2005, the date he signed the Petition for Writ of Habeas Corpus (although the docket reflects that the petition was not filed with this Court until May 24, 2005).  (Doc. 5).

**B.    Time Period for Filing Federal Habeas Corpus Petitions**

**1.    One-Year Statute of Limitations Period**

In their Answer, Respondents contend that Taylor's habeas

---

[2]  The Superior Court explained that the 1995 amendments to the PCRA (which enacted the one-year statute of limitations) provide that if, as is the case here, a judgment of sentence became final before the January 16, 1996 effective date of the amendments, a first PCRA petition will be considered timely filed if it is filed by January 16, 1997 (one year from the effective date).  (Ex. 37 at 3).  Because Taylor's PCRA petition was filed after January 16, 1997, it was untimely.  (Id.)

petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244.  (Doc. 9 at 12-15).  AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).

Because Taylor's judgment became final before the April 24, 1996 effective date of AEDPA, he had one year from that date, i.e., until April 23, 1997, to file a federal habeas corpus petition challenging his conviction.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (holding that the new one-year limitations period in AEDPA became effective, i.e., first began to run, on the effective date of the statute, April 24, 1996); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997, to file a timely petition under § 2244(d)(1)).  Taylor, however, did not begin proceedings in this Court until, at the very earliest, March 18, 2005.  Therefore, the instant petition is untimely unless he has established that he is entitled to statutory tolling as provided by 28 U.S.C. § 2244(d) or has established that equitable tolling should be applied on the facts presented.

### 2. **Statutory Tolling**

Section 2244(d)(2) provides that "properly filed" applications for PCRA relief that are pending during AEDPA's limitations period will statutorily toll that limitations period. 28 U.S.C. § 2244(d)(2). Here, neither of Taylor's PCRA petitions tolls AEDPA's limitations period because each was commenced after the expiration of the limitations period (after April 23, 1997). Moreover, because the state courts determined that the PCRA petitions were untimely filed, the petitions do not qualify as a "properly filed" petition for state post-conviction relief under 28 U.S.C. § 2244(d)(2), and for that additional reason do not toll the statute of limitations for a federal habeas corpus petition. Pace v. DiGuglielmo, – U.S. – , 125 S.Ct. 1807, 1814 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); see also Satterfield v. Johnson, — F.3d —, 2006 WL 90338, *4-5 (3d Cir. Jan. 17, 2006); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

### 3. **Equitable Tolling**

Taylor also has not shown that he is entitled to take advantage of the doctrine of equitable tolling in this action. AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be

equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

Taylor has not met his burden of establishing entitlement to the extraordinary remedy of equitable tolling. He fails to direct this Court to any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. See, e.g., Lacava, 398 F.3d at 276-79.

Based upon all of the foregoing, the record reveals that the instant petition for writ of habeas corpus was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).

### C. Certificate of Appealability

AEDPA provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial

showing of a denial of a constitutional right.  28 U.S.C. 2254(c)(2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Taylor was filed within the one-year limitation period which is provided for under AEDPA.  Accordingly, a certificate of appealability should be denied.

## III. **CONCLUSION**

It is respectfully recommended that the Petition (Doc. 5) be dismissed and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date

of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            /s/   Amy Reynolds Hay  
                                            AMY REYNOLDS HAY  
                                            United States Magistrate Judge

Dated:    23 January, 2006

cc:  Hon. Arthur J. Schwab  
     United States District Judge

     John L. Taylor  
     BX9577  
     SCI Graterford  
     P.O. Box 244  
     Graterford, PA 19426-0244

     Ronald M. Wabby, Jr.  
     Assistant District Attorney  
     Office of the District Attorney  
     401 Allegheny County Courthouse  
     Pittsburgh, PA 15219